UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80062-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUREE JACKSON,

    Defendant.
_____/



FILED by ___ D.C.

FEB 2 3 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for a final probable cause hearing on a superseding petition for violations of supervised release. The Defendant, JUREE JACKSON, appeared before the Court on February 23, 2011, represented by AFPD Lori Barrist. The Government was represented by AUSA Robert Waters. The Defendant is charged with 4 violations: (1) failure to participate in an approved treatment program in relation to her discharge from Spectrum Programs Residential Center; (2) possessing or using marijuana in connection with her urine specimen submitted on May 19, 2010; (3) a violation of law for the offense of Resist Officer with Violence on October 29, 2010 ; and (4) a violation of law for the offense of Escape from Lawful Custody on October 29, 2010. The defendant admitted to violations (1), (2) and (3). The Court finds that the Defendant knowingly, intelligently, and voluntarily admits to violating his supervised release regarding violations (1), (2) and (3). The Court also finds that the Defendant knowingly, intelligently, and voluntarily waives his rights to a final probable cause hearing regarding violations (1), (2) and (3).

    A hearing was held on violation (4). The Defense proffered that when the Delray Beach

Police Department executed a supervised release warrant for the arrest of the Defendant on October 29, 2010, they handcuffed the Defendant and placed her in a police vehicle. The Defendant subsequently slipped her left hand out of the handcuff and attempted to exit the vehicle. An officer subdued the Defendant and placed her back in handcuffs. She was charged in the state with Resisting Officer with violence (Violation (3)) and Escape while in Lawful Custody. The State later dropped the Escape charge. The defense asserted that an Escape had not been committed. The Government asserted that an Escape could not be proved.

The section pertaining to revocations of supervised release requires the court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz,* 372 F.2d 562, 566 (3d Cir. 2004) (stating, "[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

This Court **RECOMMENDS** that based upon the above facts supervised release violation (4) be **DISMISSED**.

The Court **RECOMMENDS** that the District Court find the Defendant guilty of supervised release violations (1), (2), and (3). The Court also recommends that this matter be set down for sentencing before the District Court.

The Clerk is **ORDERED** to set this matter before the sentencing calendar of Senior United States District Court Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Court Judge Daniel T.K. Hurley, within fourteen days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of February, 2011.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
Honorable Daniel T.K. Hurley, Senior United States District Judge
Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court